## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASMINE WEBER | : | 3:24-cv-1412-KAD |
| | : | |
| v. | : | Ms. Weber's Memorandum in Support of |
| | : | Judgment on the Pleadings |
| SVITLANA MANCHESTER | : | |
| | : | 2024-10-29 |

# Facts

On September 4, 2024, Jasmine Weber ("Jasmine") filed a complaint alleging copyright infringement by Svitlana Manchester ("Svitlana"). ECF 1. Jasmine now submits a verification of the complaint (Exhibit A), as well as an affidavit as to originality of the works copied by Svitlana (Exhibit B).

On October 17, 2024, Svitlana filed a paper styled as a "motion to dismiss". ECF 13.

The purported motion to dismiss did not directly respond to, and thereby conceded, the allegations of the complaint. The motion also alleged additional facts outside the scope of the complaint.

# Legal standards

When material outside the complaint is presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed

of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion...." Fed.R.Civ.P. 12(b).

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

"In a copyright infringement case, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'..." *Michael Grecco Prods. v. RADesign, Inc.*, 23-1078 (2nd Cir. Aug 16, 2024).

"The plaintiff may prove copying by direct evidence, or by showing that the defendant had access to the plaintiff's work and that the works are similar enough to support an inference that the defendant copied the plaintiff's work." *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119 (2nd Cir. 1994).

Whether particular elements of a work are original, or mere *scenes a faire*, is a question of law. *See, generally, Williams v. Crichton*, 84 F.3d 581 (2nd Cir. 1996).

## Analysis

At paragraphs 17-32, the Complaint alleges a pattern of conduct by which Svitlana accessed and copied Jasmine's mug hats. The motion to dismiss does not deny or dispute these allegations.

At paragraphs 33-70, the Complaint alleges similarities between Jasmine's mug hats and Svitlana's copied mug hats. The motion to dismiss does not deny or dispute these allegations.

At paragraphs 77-111, the Complaint alleges six counts of willful copyright infringement by Svitlana. The motion to dismiss does not deny or dispute these allegations.

The facts material to an allegation of copyright infringement are (a) whether the plaintiff has a valid copyright in the work alleged to be infringed; (b) whether the defendant had access to the work alleged to be infringed; and (c) whether the defendant's work is substantially similar to the original elements of the work alleged to be infringed. *See Michael Grecco Prods.* and *Well-Made Toy*, *supra*. Therefore, a judgment of copyright infringement is proper where there is no dispute of fact regarding whether the plaintiff had a valid copyright, the defendant had access to the works alleged to be infringed, and there are substantial similarities between the works alleged to be infringed and the defendant's works. *See* Fed.R.Civ.P. 56(a).

The motion to dismiss alleges at paragraphs 13-28 that Jasmine copied her Campfire, S'more, Black Cat, Spring Chick, Cow, and Pig mug hats from other crafters.

Thus, the motion to dismiss alleges that Jasmine does not have valid copyrights in those works. Jasmine submits herewith an affidavit to the effect that she did not copy her works from the crafters identified in the motion to dismiss, and that her works are original to her.

The remaining question is whether the copied elements of Jasmine's works are *scenes a faire* in the world of mug hats. This is a legal question, as to which Jasmine turns to the Court for decision. Jasmine urges the Court that the copied elements of her works, as identified in the Complaint, are distinctive and creative elements and "protectible expression ... such as [] accentuating certain muscle groups instead of others." *Williams v. Crichton*, 84 F.3d 581, 588 (2nd Cir. 1996).

As there is no dispute as to any material fact, summary judgment in Jasmine's favor is appropriate.

## Prayer for relief

Accordingly, Jasmine prays the Court to award the relief requested in the Complaint.

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996