## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASMINE WEBER,<br>Plaintiff<br><br>V.<br><br>SVITLANA MANCHESTER,<br>Defendant | : No. 3:24-cv-01412-KAD<br>:<br>: Ms. Manchester's Opposition<br>: to the Plaintiffs Motion for Judgment<br>: on the Pleadings<br>:<br>: 2024-11-07 |

## Facts

On September 4, 2024, Jasmine Weber ("Jasmine") filed complaint ECF 1, alleging copyright infringement by Svitlana Manchester ("Svitlana").

On October 17, 2024, Svitlana filed a Motion to Dismiss ECF 13, on the basis that Jasmine's works are not of her own original design.

On October 29, 2024, Jasmine filed a Motion for Judgement on the Pleadings ECF 14. A Memorandum in Support of Judgement on the Pleadings ECF 14-1, a Verification of the Complaint ECF 14-2, and an Affidavit as to Originality of the Works Copied by Ms. Manchester ECF 14-3. The paper styled as "Memorandum in Support of Judgement on the Pleadings" ECF 14-1 claims, "The purported motion to dismiss did not directly respond to, and thereby conceded, the allegations of the complaint. The motion also alleged additional facts outside the scope of the complaint."

Under FRCP 12(b)(6) a motion to dismiss upon which relief can be granted; this rule essentially allows a defendant to argue that the Plaintiff's complaint is legally insufficient, without necessarily addressing the truth of each allegation within it.

Exception to Rule FRCP 12(d) is called, "incorporation by reference." The exception permits the consideration of outside materials when they are either referenced in the pleadings, central to the claim, or sometimes both.

## Legal standards

When outside material presented outside the complaint are either referenced in the pleading or are central to the claim an exception to FRCP 12(d) can be made. This is called incorporation by reference.

"When resolving a motion to dismiss or a motion for Judgment on the Pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the Plaintiff's claims; and (2) undisputed, meaning that is authenticity is not challenged."
***Johnson v. City of Atlanta, 107 F.4th 1292 (11th Cir. July 12, 2024)***


"A reviewing court can consider extrinsic evidence if the plaintiffs were notified of it and the evidence was central to the complaint."
***Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42***


Evidence can be submitted in a copyright infringement lawsuit that an item was made before the copyright holders time.
***United States Copyright Office Chapter 1 Circular 92.***


"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by Jury shall be preserved, and no fact tried by a Jury, shall be otherwise re-examined in any court of the United States, than according to the rules of common law." ***Seventh Amendment to the United States Constitution.***

## Dispute of Plaintiff's Analysis ECF 14-1

In the Plaintiff's analysis, ECF 14-1, page 3, it is stated, "At paragraphs 17-32, the Complaint alleges a pattern of conduct by which Svitlana accessed and copied Jasmine's mug hats. The motion to dismiss does not deny or dispute these allegations."

Svitlana disputes this claim. In a Motion to Dismiss, FRCP Rule 12(b)(6), a Defendant does not need to deny or dispute the allegations of a complaint. The primary purpose of a Motion to Dismiss is to challenge the legal sufficiency to the Plaintiff's claims, not to contest the factual details of the case.

In the Plaintiff's analysis, ECF 14-1, page 3, it is stated, "At paragraphs 33-70, the Complaint alleges similarities between Jasmine's mug hats and Svitlana's copied mug hats. The motion to dismiss does not deny or dispute these allegations."

Svitlana disputes this claim. In a Motion to Dismiss FRCP Rule 12(b)(6), a Defendant does not need to deny or dispute the allegations of a complaint. The primary purpose of a Motion to Dismiss is to challenge the legal sufficiency to the Plaintiff's claims, not to contest the factual details of the case.

In the Plaintiff's analysis, ECF 14-1, page 3, it is stated, "At paragraphs 77-111, the Complaint alleges six counts of willful copyright infringement by Svitlana. The motion to dismiss does not deny or dispute these allegations."

Svitlana disputes this claim. In a Motion to Dismiss FRCP Rule 12(b)(6), a Defendant does not need to deny or dispute the allegations of a complaint. The

primary purpose of a Motion to Dismiss is to challenge the legal sufficiency to the Plaintiff's claims, not to contest the factual details of the case.

In the Plaintiff's analysis, ECF 14-1, page 3, it is stated, "Therefore, a judgment of copyright infringement is proper where there is no dispute of fact regarding whether the plaintiff had a valid copyright, the defendant had access to the works alleged to be infringed, and there are substantial similarities between the works alleged to be infringed and the defendant's works."

Svitlana disputes the validity to this claim. The Motion to Dismiss, ECF 13, is a dispute of the fact regarding whether the Plaintiff is the original creator of her work. In the Motion to Dismiss, ECF 13, paragraphs 44-46, it is displayed that Svitlana did not have access to Jasmine's works, and proof of this was provided. In regards to substantial similarities between the works alleged to be in infringed and the Defendant's works, in a Motion to Dismiss, FRCP Rule 12(b)(6), a defendant does not need to deny or dispute the allegations of a complaint. The primary purpose of a Motion to Dismiss is to challenge the legal sufficiency to the Plaintiff's claims, not to contest the factual details of the case.

In the Plaintiff's analysis, ECF 14-1, pages 3-4, it is stated, "The motion to dismiss alleges at paragraphs 13-28 that Jasmine copied her Campfire, S'more, Black Cat, Spring Chick, Cow, and Pig mug hats from other crafters. Thus, the motion to dismiss alleges that Jasmine does not have valid copyrights in those works. Jasmine

submits herewith an affidavit to the effect that she did not copy her works from the crafters identified in the motion to dismiss, and that her works are original to her."

Svitlana disputes this as a Motion to Strike against documents 14-2 and 14-3 has been filed due to acts of perjury. Jasmine's credibility on her Affidavits 14-2 and 14-3 is questionable at best.

## Argument

In the Motion to Dismiss, ECF 13, Svitlana is not required to confirm, deny, or dispute any allegations against her found in the complaint, ECF 1, (See FRCP Rule 12(b)(6)). The attempt by the Plaintiff to imply Svitlana needs to do so is dishonest.

In the Motion to Dismiss, ECF 13, outside materials are shown to demonstrate Jasmine's works are not her own original design. These Materials are central to the claims, undisputed and permissible. (See Johnson v. City of Atlanta, No. 22-11359, -F.4th- 2024 WL 3384936 4*-6 (11th Cir. July 12, 2024). The moving party has been notified of these Materials (cos ECF 17) and these Materials are central to the complaint. (See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42).

The premature Motion of Judgment, ECF 14, and Memorandum, ECF 14-1 are being filed before any Facts of the case have been seen. There has been no Discovery, Pre-trial, or an Answer filed to complaint ECF 1. Svitlana urges the court not to grant Judgement on the Pleadings before all material evidence has been seen and intends to defend herself in fair due process. (See Seventh Amendment to the United States Constitution).

As has been demonstrated, a Motion to Dismiss does not require a denial or dispute of any information contained in a complaint, outside materials may be permitted in a Motion to Dismiss, and a Motion for Judgment on the Pleadings at this time is entirely inappropriate. In favor of Svitlana, a Denial for Judgment on the Pleadings is appropriate.

THEREFORE, Svitlana asks upon the court to grant:

- A Denial of Motion for Judgment on the Pleadings.

Your Honorable Judge,

    Thank you for taking the time to review this request.

        Respectfully Submitted,

Svitlana Manchester

106 Grove Street Apt. A

New Milford, Connecticut 06776

Svitlanamanchester@gmail.com

(860) 997-9282

Certificate of Service

I Svitlana Manchester, hereby certify that a copy of the foregoing _opposition to plaintiff's Motion for Judgement on the pleadings_ was mailed to: Alan Harrison Counsel for the Plaintiff at:
SANDOLLAR Law
6 West River Street #112
Milford CT, 06460
On the day of: _11/7/24_

Signed: _Svitlana Manchester_