## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| JASMINE WEBER | : | 3:24-cv-1412-KAD |
| | : | |
| v. | : | Weber v Manchester Rule 26(f) Report |
| | : | |
| SVITLANA MANCHESTER | : | 2024-12-02 |

Date Complaint Filed: Sep 4, 2024

Date Complaint Served: Oct 10, 2024

Date of Defendant's Appearance: Oct 17, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on December 2, 2024. The participants were: Alan Harrison for plaintiff Jasmine Weber and defendant Svitlana Manchester, pro se.

# I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

# II. Jurisdiction

## A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction under the Copyright Act, 17 U.S.C. § 101 *et seq.*

## B. Personal Jurisdiction

Personal jurisdiction is accepted by defendant filing an answer and counterclaims.

# III. Brief Description of Case

## A. Claims of Plaintiff/s:

Plaintiff Jasmine Weber complains that Defendant Svitlana Manchester copied Jasmine's original art works.

## B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant/s:

Defendant/Counterclaimant Svitlana Manchester asserts that: she did not copy anything from Jasmine Weber, Jasmine's art is not original, Jasmine engaged in copyright infringement, and complains that Jasmine has engaged in litigation only for the purpose of harassing and defaming Svitlana and has abused copyrights to have Svitlana's works removed from platforms as a form of harassment and has engaged in malicious harassment outside of litigation.

# IV. Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- Jasmine Weber sells crocheted mug hats on Etsy and Mercari.
- Svitlana Manchester sells or has sold crocheted mug hats on Etsy and Mercari.

# V. Case Management Plan:

## A. Initial Disclosures

Initial disclosures will be served by December 16, 2024.

Alan Harrison – SANDOLLAR Law – Milford, CT

## B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. Jasmine Weber prefers that a scheduling conference, if held, be conducted by telephone. Svitlana Manchester prefers that a scheduling conference, if held, be conducted in person.

## C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
2. The parties do not request an early settlement conference.
3. If an early settlement conference were held, the parties would not have any preference who presided.
4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

## D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until December 4, 2024 to file motions to join additional parties and until December 4, 2024 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.
2. Defendant(s) should be allowed until February 10, 2025 to file motions to join additional parties and until 14 days after a motion to amend is granted to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

## E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: plaintiff needs information to enumerate how many infringing works have been sold by defendant.

Defendant's Position (if different): defendant needs information to enumerate plaintiff's reporting against other sellers, deleted listings by the plaintiff, plaintiff's sales of works that infringe others' copyrights or trademarks, reports made against plaintiff by other sellers, dates that plaintiff's accounts were created, messages exchanged on platforms between plaintiff and defendant, text messages between plaintiff and defendant.

b. The parties anticipate that discovery will be needed on the subjects listed above.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by December 6, 2024 and completed (not propounded) by April 6, 2025.

d. Discovery will not be conducted in phases.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by

f. The parties anticipate that Ms. Manchester and Ms. Weber will need to be deposed and that other depositions may be needed.

g. The parties will not request permission to serve more than 25 interrogatories.

h. Plaintiff/s do not intend to call expert witnesses at trial. Defendant/s may call an expert witness at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by March 6, 2024. Depositions of any such experts will be completed by April 6, 2025.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by March 6, 2025. Depositions of such experts will be completed by April 6, 2025.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 15, 2025.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information ("ESI"), appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- parties will not delete or rename any ESI related to this matter during the pendency of this action;
- parties will produce requested ESI in PDF format.

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the

following procedures for the preservation, disclosure and management of such information:

- parties may have paper documents relevant to this matter and can produce photocopies by mail or scanned images by e-mail in PDF format.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that production waives privilege.

## F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case:

## G. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 16, 2025.

## H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 20, 2025.

# VI. TRIAL READINESS

The case will be ready for trial by June 1, 2025.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff By ...s/Alan Harrison........ Date: .2024-12-02.

Defendant By Svitlana Manchester Date: 2024-12-03 .......

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff .................................... Date: ...................................

Defendant Svitlana Manchester Date: 2024-12-03 ............

Alan Harrison – SANDOLLAR Law – Milford, CT