**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JASMINE WEBER | : | 3:24-cv-1412-KAD |
| | : | |
| v. | : | Memorandum iso Motion to Dismiss |
| | : | Svitlana Manchester's Counterclaims |
| SVITLANA MANCHESTER | : | |
| | : | 2025-01-04 |

Svitlana Manchester in her purported counterclaims fails to state any claim on which relief may be granted.

Ms. Manchester requests that "Defendant/Counterclaimant be awarded $50,000 per item accused to be infringed for punitive damages on the basis of wrongful litigation" (Docket 52, page 25). But Ms. Manchester does not allege facts to substantiate a claim for wrongful litigation.

Ms. Manchester requests that "Defendant/Counterclaimant be awarded an additional $50,000 per item accused to be infringed for punitive damages on the basis of abuse of power" (ibid). But "abuse of power" is not a cause of action against a private litigant.

Ms. Manchester requests that "Defendant/Counterclaimant be awarded another additional $50,000 per item accused to be infringed for punitive damages on the basis of defamation" (ibid). But the counterclaims allege only that defamatory statements were made in court filings (Docket 52, paragraph 6, 22, 23, 27, 28, 29, 46, 47, 48). In Connecticut, court filings are absolutely privileged against allegations of defamation.

Accordingly, for reasons further explained below, all three counterclaims should be dismissed under Rule 12(b)(6) for failing to state claims on which relief may be granted.

## Ms. Manchester does not allege facts to substantiate a claim for wrongful litigation.

Vexatious or wrongful litigation is a State law cause of action. This case was brought in Connecticut, so Connecticut law applies. The Connecticut Supreme Court wrote definitively on the topic of vexatious litigation in *Falls Church Group, Ltd. v. Tyler, Cooper, and Alcorn, LLP*, 281 Conn. 84, 912 A.2d 1019 (Conn. 2007):

"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. *Calvo v. Bartolotta,* 112 Conn. 396, 397, 152 A. 311 [1930]; *Schaefer v. O.K. Tool Co.,* 110 Conn. 528, 148 A. 330 [1930]. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. *Paranto v. Ball,* 132 Conn. 568, 571, 46 A.2d 6 [1946]; *McGann v. Allen,* 105 Conn. 177, 186, 134 A. 810 [1926]. Malice may be inferred from lack of probable cause. *Zenik v. O'Brien,* 137 Conn. 592, 596-97, 79 A.2d 769 [1951]; *Thompson v. Beacon Valley Rubber Co.,* 56 Conn.

493, 496, 16 A. 554 [1888]. The want of probable cause, however, cannot be inferred from the fact that malice was proven. *McGann v. Allen,* supra, at 187, 134 A. 810." *Vandersluis v. Weil,* 176 Conn. 353, 356, 407 A.2d 982 (1978). A statutory action for vexatious litigation under General Statutes § 52-568; see footnote 1 of this opinion; differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. In either type of action, however, "[t]he existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law." *Brodrib v. Doberstein,* 107 Conn. 294, 296, 140 A. 483 (1928). Accordingly, our review is plenary. *State v. Gibson,* 270 Conn. 55, 66, 850 A.2d 1040 (2004).

The test for deciding whether a *litigant* acted with probable cause also is well settled. "For purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations

omitted; internal quotation marks omitted.) *DeLaurentis v. New Haven,* 220 Conn. 225, 256, 597 A.2d 807 (1991); accord *Wall v. Toomey,* 52 Conn. 35, 36 (1884). Accordingly, the probable cause standard applied to a vexatious litigation action against a litigant is a purely objective one.

The counterclaim alleges at paragraphs 27 that "Jasmine is aware no legal basis for the lawsuit exists." But the counterclaim alleges no facts to substantiate this conclusion as to Jasmine's subjective state of mind.

*Tyler, Cooper, and Alcorn* addressed whether a law firm acted without probable cause and with malice in prosecuting an action against the plaintiff's predecessor in interest well after the limitations period had expired. The court found that a reasonable attorney *could have* believed that the statutes of limitation would have been tolled due to fraudulent concealment. *Tyler, Cooper, and Alcorn*, at 1023. Thus, the question for probable cause in Connecticut is not whether there *was* a legal basis for litigation or whether a litigant *believed* there was a legal basis, but rather whether a litigant *could have believed* that there was a legal basis.

The counterclaim does not allege facts sufficient to sustain a claim that Jasmine Weber *could not have believed* there was a legal basis for her to sue Svitlana Manchester for copyright infringement.

The counterclaim alleges that "21. Jasmine Weber got the ideas for her designs from other sellers across multiple platforms, including Mercari, Pinterest, Etsy, Ebay, Instagram, and other personally owned websites run by crafters." The counterclaim also

alleges at paragraphs 30–38 that "Jasmine Weber is not the original creator of her own works" and that "Jasmine Weber has copied the works" of several other crafters. But the counterclaim does not allege sufficient facts to substantiate the conclusory statements that Jasmine copied her works from others. For example, the counterclaim does not set forth any photograph of Jasmine's work juxtaposed with any photograph of some other crafter's similar work. Nor does the counterclaim even provide a descriptive comparison between Jasmine's works and other crafters' works. The counterclaim simply does not do enough to support its conclusions.

Furthermore, merely getting an "idea" from someone else does not mean that Jasmine's own work was not deserving of copyright protection, much less that Jasmine *could not have believed* that her work deserved copyright protection — especially as the Copyright Office actually awarded Jasmine copyright registrations for her work.

Therefore, the counterclaim for wrongful litigation should be dismissed under Rule 12(b)(6) for failing to state a claim on which relief may be granted.

## "Abuse of power" is not a cause of action against a private litigant.

Throughout American jurisprudence, "abuse of power" is recognized as a cause of action against a governmental entity or office, not against a private litigant. *See, e.g., Bowsher v. Synar et al.*, 92 L.Ed.2d 583, 106 S.Ct. 3181, 478 U.S. 714 (1986) ("The Framers recognized that, in the long term, structural protections against abuse of power were critical to preserving liberty.").

Jasmine Weber is not a government entity or office. Accordingly, the counterclaim for abuse of power should be dismissed under Rule 12(b)(6) for failing to state a claim on which relief may be granted.

## In Connecticut, court filings are absolutely privileged against allegations of defamation.

Defamation is a State law cause of action. This case was brought in Connecticut, so Connecticut law applies. The counterclaims for defamation appear to be based on Jasmine Weber's court filings (*see* Docket 52, paragraphs 27, 29, 44, 46, 48). But Connecticut recognizes a "litigation privilege" that bars most claims arising from statements made in a judicial proceeding. Indeed, the Connecticut Supreme Court recently wrote definitively on the litigation privilege against claims for defamation, in *Dorfman v. Smith*, 342 Conn. 582, 589, 271 A.3d 53, 62 (2022) (the litigation privilege bars claims predicated on communications and statements filed in the course of and related to a judicial proceeding); *also* at 590, 62 ("Connecticut has long recognized the litigation privilege, and that [t]he general rule is that defamatory words spoken upon an occasion absolutely privileged, though spoken falsely, knowingly, and with express malice, impose no liability for damages recoverable in an action in slander."). Accordingly, the counterclaim for defamation is barred by the litigation privilege, and should be dismissed under Rule 12(b)(6) for failing to state a claim on which relief may be granted.

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996