IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASMINE WEBER | : | 3:24-cv-1412-KAD |
| | : | |
| v. | : | Post-Hearing Brief on Probable Cause |
| | : | |
| SVITLANA MANCHESTER | : | 2025-01-05 |

The Court indicated, at the prejudgment remedy hearing held 2024-01-02 (the "Hearing"), that she did not believe there was sufficient evidence to establish "substantial similarity" between Jasmine Weber's works and Svitlana Manchester's works. Accordingly, the Court indicated that she did not see probable cause for a prejudgment remedy. But the Court offered Jasmine until January 16 to file a post-hearing brief. Docket 67, pages 17, 47. In this brief, Jasmine respectfully urges the Court to reconsider probable cause under the Connecticut State law that applies to a prejudgment remedy.

"[T]he question of substantial similarity typically presents an extremely close question of fact". *Google LLC v. Oracle America, Inc.*, 209 L.Ed.2d 311, 141 S.Ct. 1183 (2021). "[A] hearing in probable cause is not intended to be a full scale trial on the merits of the [moving party's] claim. The [moving party] **does not** have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim ... The court's role in such a hearing is to determine probable success by weighing probabilities ... the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment under the circumstances, in entertaining it ...

Probable Cause is a flexible common sense standard. It **does not** demand that a belief be correct or more likely true than false." *Spilke v. Spilke,* 116 Conn.App. 590, 593 n.6, 976 A.2d 69 (2009) (emphasis added). "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." (Internal quotation marks omitted.) *Kosiorek v. Smigelski,* 112 Conn.App. 315, 319, 962 A.2d 880, cert. denied, 291 Conn. 903, 967 A.2d 113 (2009); see *36 DeForest Avenue, LLC v. Creadore,* 99 Conn.App. 690, 698, 915 A.2d 916, cert. denied, 282 Conn. 905, 920 A.2d 311 (2007) (stating that the burden of proof at a probable cause hearing is a low one).

Indeed, in other context the Connecticut Supreme Court has held that "[p]robable cause is the knowledge of facts, actual or **apparent**, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of". *Falls Church Group, Ltd. v. Tyler, Cooper, and Alcorn, LLP*, 281 Conn. 84, 912 A.2d 1019, 1027 (Conn. 2007) (emphasis added).

"[A] plaintiff need not prove substantial similarity in every case in order to prove actual copying." *Laureyssens, et al. v. Idea Group, Inc. et al.*, 964 F.2d 131, 140 (2d Cir. 1992). At the Hearing, Jasmine testified that Svitlana actually copied her works. Docket 67, pages 5–8. Moreover, in the verified amended Complaint (Docket 50), Jasmine testified that Svitlana began making and selling each of her infringing works after she saw the corresponding works by Jasmine. (Docket 50, paragraphs 23, 26, 29, 32.) Thus, it is at least "apparent" that Svitlana copied Jasmine's works. Jasmine respectfully

urges the Court to fully consider her sworn testimony as to actual copying, which renders moot the question of substantial similarity and substantiates probable cause for a prejudgment remedy to issue.

Even if the Court might overlook the evidence of actual copying, in the verified Complaint, Jasmine presents photographs of her own works and of the works that she alleges Svitlana copied from her. At least one Federal appellate court has considered photographs to be competent evidence for assessing copyright questions regarding sculptural works. *Satava v. Lowry*, 323 F.3d 805, fn. 5 (9th Cir. 2003) ("We reach this conclusion based in part on our examination of the dozens of photographs of glass-in-glass jellyfish sculptures in the record. Some of the sculptures depict almost colorless jellyfish. Some of the sculptures have spherical shrouds. Some have shrouds encased in opaque black glass with clear windows cut through. Though none of the sculptures are identical, all of them are substantially similar."). Therefore, Jasmine respectfully urges the Court to fully consider the photographic evidence in assessing "substantial similarity" between Jasmine's works and Svitlana's.

Based on the photographs in the verified Complaint, it appears that Svitlana's works are substantially similar to Jasmine's. Therefore, to determine at this early stage of litigation that there is no probable cause for a prejudgment remedy to issue would be a premature factual finding contrary to the currently available evidence.

Accordingly, Jasmine respectfully prays the Court to award her requested prejudgment remedy against Svitlana.

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996