JAN 13 2025 AM 9:32
FILED - USDC - BPT - CT

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASMINE WEBER, | : No. 3:24-cv-01412-KAD |
| Plaintiff/Counterclaim-Defendant | : |
| | : Svitlana's Response to ECF 68 |
| V. | : Plaintiff's Post-Hearing Brief on |
| | : Probable Cause |
| SVITLANA MANCHESTER, | : |
| Defendant/Counterclaimant | : 2025-01-13 |

On January 10, 2025, Alan Harrison filed on behalf of Jasmine Weber a Post-Hearing Brief on Probable Cause, in regards to specific information requested by the court at the pre-judgement remedy hearing that was held on January 02, 2025. I would like to take this opportunity to object to the request of pre-judgement remedy made by Alan Harrison on behalf of Jasmine Weber.

I would like to first note that the pre-judgement remedy hearing was held on January 02, 2025. Not on January 02, 2024 as the Plaintiff's counsel has stated in his post-hearing brief.

In this hearing the Honorable Judge Kari A. Dooley ordered the Plaintiff's counsel to provide case law, where it has been allowed to use photographs of a work under Copyright, and not the work itself. The case law provided in ECF 68 is *Satava v. Lowry, 323 F.3d 805, fn. 5 (9th Cir. 2003)*. This case is of a particular interest due to the contents of the case, most notably, the ruling on the case. Quote:

"The originality requirement mandates that objective "facts" and ideas are not copyrightable. *Baker v. Selden,* 101 U.S. (11 Otto) 99, 25 L.Ed. 841 (1879); *Feist,* 499 U.S. at 347, 111 S.Ct. 1282; *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1109-10 (9th Cir. 1970). Similarly, expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983).

Standard elements sometimes are called "sc# 30# nes # 2A# faire," vaguely French for "scenes which `must' be done." *Ets-Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1082 n. 17 (9th Cir. 2000). The Ninth Circuit treats sc# 30# nes # 2A# faire as a defense to infringement rather than as a barrier to copyrightability. *Id.See also Ets-Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763 (9th Cir. 2003) (reviewing the district court's decision after remand).

It follows from these principles that no copyright protection may be afforded to the idea of producing a glass-in-glass jellyfish sculpture or to elements of expression that naturally follow from the idea of such a sculpture. *See Aliotti v. R. Dakin Co.,* 831 F.2d 898, 901 (9th Cir. 1987) ("No copyright protection may be afforded to the idea of producing stuffed dinosaur toys or to elements of expression that necessarily follow from the idea of such dolls."). Satava may not prevent others from copying aspects of his sculptures resulting from either jellyfish physiology or from their depiction in the glass-in-glass medium. *See id.* ("Appellants therefore may place no reliance upon any similarity in expression resulting from either the physiognomy of dinosaurs or from the nature of stuffed animals.").

Satava may not prevent others from depicting jellyfish with tendril-like tentacles or rounded bells, because many jellyfish possess those body parts. He may not prevent others from depicting jellyfish in bright colors, because many jellyfish are brightly colored. He may not prevent others from depicting jellyfish swimming vertically, because jellyfish swim vertically in nature and often are depicted swimming vertically. *See id.* at 901 n. 1 (noting that a Tyrannosaurus stuffed animal's open mouth was not an element protected by copyright because Tyrannosaurus "was a carnivore and is commonly pictured with its mouth open").

Vertical orientation is a standard element partly because human beings prefer the world right-side-up.

Satava may not prevent others from depicting jellyfish within a clear outer layer of glass, because clear glass is the most appropriate setting for an aquatic animal. *See id.* (noting that a Pterodactyl stuffed animal's depiction as a mobile hanging from the ceiling was not protectable because Pterodactyl "was a winged creature and thus is appropriate for such treatment"). He may not prevent others from depicting jellyfish "almost filling the entire volume" of the outer glass shroud, because such proportion is standard in glass-in-glass sculpture. And he may not prevent others from tapering the shape of their shrouds, because that shape is standard in glass-in-glass sculpture.

Satava's glass-in-glass jellyfish sculptures, though beautiful, combine several unprotectable ideas and standard elements. These elements are part of the public domain. They are the common property of all, and Satava may not use copyright law to seize them for his exclusive use.

It is true, of course, that a *combination* of unprotectable elements may qualify for copyright protection. *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1446 (9th Cir. 1994); *United States v. Hamilton,* 583 F.2d 448, 451 (9th Cir. 1978) (Kennedy, J.) ("[O]riginality may be found

in taking the commonplace and making it into a new combination or arrangement."). *See also Metcalf,* 294 F.3d at 1074 ("The particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element. Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection."). But it is not true that *any* combination of unprotectable elements automatically qualifies for copyright protection. Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. *See Metcalf,* 294 F.3d at 1074; *Apple Computer, Inc.,* 35 F.3d at 1446. *See also Feist,* 499 U.S. at 358, 111 S.Ct. 1282 ("[T]he principal focus should be on whether the selection, coordination, and arrangement are sufficiently original to merit protection.").

The combination of unprotectable elements in Satava's sculpture falls short of this standard. The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form, considered together, lacks the quantum of originality needed to merit copyright protection. *See Hamilton,* 583 F.2d at 451("Trivial elements of compilation and arrangement, of course, are not copyrightable because they fall below the threshold of originality."). These elements are so commonplace in glass-in-glass sculpture and so typical of jellyfish physiology that to recognize copyright protection in their combination effectively would give Satava a monopoly on lifelike glass-in-glass sculptures of single jellyfish with vertical tentacles. *See Feist,* 499 U.S. at 363, 111 S.Ct. 1282 (noting that the selection, coordination, and arrangement of phone numbers in a directory "is not only unoriginal, it is practically inevitable"). Because the quantum of originality Satava added in combining these standard and stereotyped elements must be considered "trivial" under our case law, Satava cannot prevent other artists from combining them."

:End Quote, In this case the ruling was in favor of the Defendant, Christopher Lowry. Christopher Lowry essentially "won" as the court ultimately ruled against Richard Satava. Under this example of case law, the probability of a verdict in favor of the Plaintiff is not probable due to the reasons stated in the case law itself.

To briefly reiterate Svitlana's points made at the hearing for pre-judgement remedy, Svitlana did not copy Jasmine's works, Jasmine filed for Copyright for at least 42 works as unpublished, while knowing the works were published at the time, which is Copyright Fraud and technically invalidates Jasmine's Copyrights. As explained in Circular 1 Copyright basics (that is produced by The United States Copyright Office), Copyright is established the moment a work is created in a fixed and tangible medium, Svitlana made a point that these works that are similar to Jasmine's works were being made long before Jasmine had "created" them, which also technically invalidates Jasmine's Copyrights. Animals and food items are works of God and are ideas of free expression. Svitlana pointed out the Statute of limitations on two of the accused

items as well as the fact that one of the accused items Svitlana had created before Jasmine. The items Svitlana is accused of copying are simply un-protectable. For these reasons a judgement in favor of the Plaintiff is not probable and is highly unlikely.

In Alan Harrison's Post-Hearing Brief on Probable Cause filed on behalf of Jasmine Weber, Alan makes the claim that a testimony based on belief by Jasmine Weber is enough to substantiate probable cause of a judgement in Jasmine's favor. If I were to testify to a belief that the moon was made out of cheese, that would not justify probable cause that I would win a claim based on that merit. Based on affirmative defenses, the evidence brought forth by the Defendant to the pre-judgement remedy hearing, and the Defendant's testimony advocates that a judgement in favor of the Plaintiff is not probable. The Plaintiff simply did not bring forth any information that could justify the probability of a judgement in her favor.

*Satva v. Lowry quoted from casetext.com

Accordingly, Svitlana respectfully prays that the court Denies Jasmine's requested pre-judgement remedy against Svitlana.

Respectfully submitted,

DATED this 13th day of January, 2025

*Svitlana Manchester*
Svitlana Manchester
106 Grove Street Apt. A
New Milford, Connecticut 06776
Svitlanamanchester@gmail.com
(860) 997-9282

Certificate of Service

    I, Svitlana Manchester, hereby certify that a copy of the foregoing, Svitlana's Response to ECF 68 Plaintiff's Post-Hearing Brief on Probable Cause was sent by email to:
Alan Harrison Counsel for the Plaintiff at:
alan@sandollar-law.net

On the day of: January 13, 2025

Signed: *Svitlana Manchester*